UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SANDRA JEAN DeLEON, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | CASE NO. 15-CV-411-FHM |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| DEFENDANT. ) | |

## OPINION AND ORDER

Plaintiff, Sandra Jean DeLeon, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1] Plaintiff Sandra Jean DeLeon's application was denied initially and upon reconsideration. A hearing before Administrative Law Judge (ALJ) John W. Belcher was held on August 19, 2010, and on July 17, 2013. By decision dated November 19, 2013, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on May 23, 2013. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 44 years old on the alleged date of onset of disability and 49 on the date of the denial decision. Plaintiff received her General Education Development (GED) certification. Her past work experience includes rental car clerk, office manager, and dental assistant. Plaintiff claims to have become disabled as of July 25, 2007[2] due to thyroid problems and fibromyalgia. [R. 362].

## The ALJ's Decision

The ALJ found that Plaintiff has severe impairments relating to hypothyroidism, obesity, fibromyalgia, deconditioned status, depression, and anxiety. [R. 21]. The ALJ determined that Plaintiff has the residual functional capacity to perform a limited light range of work as defined in 20 C.F.R. § 404.1567(b). Plaintiff can occasionally climb stairs but

---

[2] Plaintiff's date last insured is December 31, 2012.

cannot climb ladders, ropes, or scaffolds. She can frequently balance, bend, stoop, kneel, crouch, or crawl. She can frequently reach above the shoulder and all other directions, frequently finger, handle, and feel bilaterally. Plaintiff can frequently use foot controls bilaterally. Plaintiff should avoid moderate exposure to extremes of heat and cold, should avoid concentrated fumes, odors, dusts, toxins, gases, and poor ventilation. Plaintiff should avoid unprotected heights, moderate exposure to hazards such as fast paced machinery. Plaintiff can perform simple and moderately complex tasks in a habituated work setting, and she should have superficial contact with supervisors. [R. 24].

Based on the testimony of the vocational expert, the ALJ determined that Plaintiff was able to perform her past relevant work as a rental car clerk and office manager. [R. 29]. Accordingly, the ALJ found Plaintiff was not disabled. The case was thus decided at step four of the five-step evaluative sequence. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff argues that the ALJ failed to: 1) properly evaluate the medical opinion of her treating physician; and 2) disregarded the opinions of examining consultative physicians.

## **Analysis**

### Evaluation of Thomas E. Madaj, M.D.

Plaintiff argues that the ALJ failed to properly evaluate and consider the opinions of her treating physician, Thomas E. Madaj, M.D. The record reveals that Dr. Madaj treated

Plaintiff from 2003[3] through 2013.  In December 2009 Dr. Madaj opined that Plaintiff was "unable to perform any significant physical or clerical work" because of fibromyalgia, hypothyroidism, uncontrolled hypertension, and depression.  His prognosis for Plaintiff to return to gainful employment on either a part or full time basis was poor and indicated Plaintiff would never be able to perform any type of work.  [R. 790-92].  In April 2010 Dr. Madaj stated that Plaintiff was unable to perform sedentary full time work due to fatigue, muscle aches, and weakness.  [R. 792-93].  In July 2013 Dr. Madaj opined that Plaintiff was unable to perform any gainful employment because of fatigue and fibromyalgia.  [R. 1178].

Plaintiff contends that the ALJ erred by failing to properly evaluate the weight to be given to Plaintiff's treating doctor's opinion that Plaintiff was unable to perform any gainful employment. More particularly, Plaintiff argues that the ALJ failed to consider the length and frequency of the relationship in performing the second part of the treating doctor analysis.[4] 20 C.F.R. § 404.1527(d).

---

[3] The record contains medical documentation of Dr. Madaj from 2006 through 2013.  The court acknowledges that the letter from Dr. Madaj dated July 14, 2013 indicates that the Plaintiff had been his patient for over 10 years. [R. 1178].

[4] The analysis of a treating physician's opinion is sequential.  First, the ALJ must determine whether the opinion qualifies for "controlling weight," by determining whether it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and whether it is consistent with the other substantial evidence in the administrative record.  *Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003); 2003 WL 22855009. If the ALJ finds that the opinion is well-supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. *Id.* "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." *Id.*  Even if the ALJ finds the treating physician's opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the record, treating physician opinions are still entitled to deference and must be evaluated in reference to the factors enumerated in 20 C.F.R. §§ 404.1527 and 416.927. Those factors are as follows: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the treating source's opinion is supported by objective evidence; (4) whether the opinion is consistent with the record as a whole; (5) whether or not the treating source is a specialist in the area upon which an opinion is given; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

The ALJ did not give Dr. Madaj's opinion controlling weight because it conflicted with his own treatment records, was not well supported by medically acceptable clinical and laboratory techniques, and is inconsistent with other substantial evidence. [R. 28]. The ALJ noted that Plaintiff's diabetes, depression, and hypertension improved with treatment and were considered stable at times. Hypertension was described as moderate, and the majority of musculoskeletal examinations were normal. Plaintiff also reported that her pain was relieved by pain medications and prescriptions. [R. 28, 968]. The ALJ noted that when seen by Dr. Madaj, Plaintiff consistently complained of fatigue, muscle aches and weakness to where she was unable to perform activities of daily living. [R. 27-28]. The ALJ specifically referenced Exhibits 22F, 26F, and 37F. Those exhibits expressed Dr. Madaj's opinion that Plaintiff, whom he had treated for over 10 years, could not perform gainful employment. Although the ALJ did not articulate what lesser weight he accorded, his reasoning for rejecting Dr. Madaj's opinion was adequate. [R. 27, 790-93, 1178]. The ALJ's failure to specify the weight given to Dr. Madaj's medical opinion is not cause for reversal of the decision. Review requires the court to use common sense, not technical perfection, as its guide. *Keyes-Zachary v. Astrue,* 695 F.3d 1156 (10th Cir. 2012).

The ALJ may not have specifically addressed the length and frequency of Dr. Madaj's treatment of Plaintiff, but clearly he considered his medical records and the treatment provided. The ALJ's citation to the medical evidence satisfies the requirement that the ALJ's decision be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to treating sources' medical opinion and the reasons for that weight. 20 C.F.R. § 404.1527. Moreover, the ALJ stated that he carefully considered all of the evidence. [R. 21, 24, 26]. The Tenth Circuit has stated it will take the ALJ at his word when

the entirety of the ALJ's discussion of the evidence and the reasons for his conclusions demonstrate that he adequately considered the claimant's impairments. *Wall v. Astrue,* 561 F.3d 1048, 1070 (10th Cir. 2009).

The court finds that the ALJ properly evaluated Plaintiff's treating doctor's opinion. The ALJ acknowledged the doctor's status as a treating physician, specifically cited and discussed relevant findings from the doctor's treatment records which reflect the length and frequency of the relationship, considered the support or lack of support for the opinion in the record, the consistency of the opinion with the record as a whole, and determined an RFC on the basis of all of the evidence in the record.

<u>Evaluation of Dr. Sigurdson and Dr. Vaught</u>

Plaintiff argues that the ALJ failed to properly evaluate the opinions of two psychological consultative examiners, Drs. Marion Sigurdson and Larry Vaught, and disregarded significant probative portions of their medical reports. [Dkt. 17, p. 7-8]. Dr. Sigurdson evaluated Plaintiff on January 18, 2010 and opined that Plaintiff had a moderate limitation in ability to complete a normal workday and work week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; ability to respond appropriately to change in the work setting; and ability to accept instructions and respond appropriately to criticism from supervisors. Dr. Sigurdson also found Plaintiff had no significant limitation in ability to interact with the general public or ability to get along with coworkers or peers. [R. 751-52]. Dr. Vaught evaluated Plaintiff on February 26, 2013 opining that Plaintiff had a moderate impairment in ability to interact with supervisors, co-workers, and respond appropriately to usual work situations and to changes in routine in work setting. Dr. Vaught opined that

6

Plaintiff had a marked ability to interact with the public. [R. 1037]. The ALJ accorded some weight to their opinions noting that they were consistent with the Plaintiff's treatment for depression although there was only minimal reports of anxiety around others which does not support that she would be markedly limited in the ability to interact with the public. [R. 28]. The ALJ's RFC assessment placed no limitation on Plaintiff's interaction with the public. [R. 24].

In response to the ALJ's hypothetical question, the vocational expert testified that Plaintiff could return to her past relevant work as an office manager (DOT #189.167-022) and rental car clerk (DOT #195.467-026). [R. 29, 125]. Plaintiff argues that while she may not be precluded from interacting with the general public, she certainly has some limitation in this area. [Dkt. 14, p. 10]. Plaintiff contends that she is unable to return to her past relevant work because an office manager and rental car clerk require "significant" contact with people or the public according to the DOT. *See* DICOT 189.167-022 (office manager), 1991 WL 671498; and DICOT 295.467-026 (automobile rental clerk), 1991 WL 672599. The court agrees.

The DOT provides information on the requirements of various jobs including a fairly specific description of what a person does in performing a particular job.[5] The DOT also provides a more general description of various components of the job including worker functions in relation to "Data," "People," and "Things." The worker function of "People"

---

[5]   *See Dictionary of Occupational Titles*, Parts of the Occupational Definition, 1991 WL 645965. (G.P.O.)

describes the degree of interaction with other people and is expressed by using an 9 point scale with 8 being the least interaction and 0 being the most interaction. *Dictionary of Occupational Titles,* App. B – Explanation of Data, People, & Things, 1991 WL 688701. The jobs of office manager and rental car clerk have a People rating of 6 which the DOT describes as "Speaking-Signaling: Talking with and/or signaling people to convey or exchange information. Includes giving assignments and/or directions to helpers or assistants. These two jobs also have an "S-Significant" People rating.

Because the record would seem to support some limitation on interacting with the public and Plaintiff's past work seems to require contact with the public, the case is reversed for the ALJ to address this issue.

## **CONCLUSION**

The court finds that the ALJ erred in finding Plaintiff capable of returning to her past relevant work. The ALJ's decision is therefore REVERSED and the case REMANDED for further proceedings in accordance with this Opinion and Order.

SO ORDERED this 4th day of October, 2016.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE