**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**

SANDRA JEAN DeLEON,

Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner, Social Security Administration,

Defendant.

Case No. 15-CV-411-FHM

**OPINION AND ORDER**

Plaintiff's Application for Award of Attorney Fees Under the Equal Access to Justice Act, [Dkt. 24], and her Supplemental Application, [Dkt. 27], are before the court. The matters have been fully briefed and are ripe for decision. Plaintiff seeks an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Commissioner requests that the fee request be denied on the basis that the government's position was substantially justified.

The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, requires the United States to pay attorney fees and costs to a "prevailing party" unless the court finds the position of the United States was substantially justified, or special circumstances make an award unjust. 28 U.S.C. § 2412(d). The United States bears the burden of proving that its position was substantially justified. *Kemp v. Bowen*, 822 F.2d 966, 967 (10th Cir. 1987).

In *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), the Supreme Court defined "substantially justified" as "justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person." "Substantially justified" is more than "merely undeserving of sanctions for frivolousness."

*Id.* In determining whether the government's position is substantially justified, it would seem appropriate to equate the concept of substantial justification (i.e. "justified to a degree that could satisfy a reasonable person)[1] with the substantial evidence (i.e. evidence a reasonable mind might accept as adequate to support a conclusion)[2] required to support the agency's decision. However, the Tenth Circuit has rejected that approach holding that a position may be substantially justified even though it was not supported by substantial evidence. If this were not the case, there would be "an automatic award of attorney's fees in all social security cases in which the government was unsuccessful on the merits." *Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988). The Tenth Circuit has reasoned that an automatic award of fees under the EAJA would be contrary to the intent of Congress, and adopted the majority rule "that a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified." *Id.* at 1267. The Court approvingly quoted the following language from a Second Circuit case:

> [A] reversal based on the 'hazy contours of the "substantial evidence" rule' does not necessarily mean that the position of the Government was not substantially justified.

*Id.*, at 1269, (quoting *Cohen v. Bowen*, 837 F.2d 582, 858 (2nd Cir. 1988).

The court reversed the present case, not for legal error, but because "the record would seem to support some limitation on interacting with the public and Plaintiff's past work seems to require contact withe the public[.]" [Dkt. 19, p. 8]. In other words, the case

---

[1] *Pierce*, 487 U.S. at 545.

[2] *Fowler v. Bowen,* 876 F.2d 1451, 1453 (10th Cir.1989).

was reversed because it was not clear that the ALJ's decision was supported by substantial evidence. Since it is error to simply equate a finding of a lack of substantial evidence on the merits with a lack of substantial justification and thereby automatically award fees under the EAJA, the undersigned has reviewed the ALJ's decision and has considered the arguments presented to determine whether the government's position had sufficient evidentiary support to be substantially justified. In conducting that review, the court was guided by language in *Pierce v. Underwood*, that "a position can be justified even though it is not correct . . . and can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." 108 S.Ct. at 2550, n.2. The court finds that the Commissioner has demonstrated that there exists a genuine dispute as to whether Plaintiff was more limited in her ability to deal with co-workers, supervisors, and the public than expressed in the RFC and consequently, whether she could return to her past work.

Based on the foregoing, Plaintiff's Application for Award of Attorney Fees Under the Equal Access to Justice Act, [Dkt. 24], and her Supplemental Application, [Dkt. 27], are DENIED.

SO ORDERED, this 21st day of March, 2017.

Frank H. McCarthy

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE